UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NIKITHA G. FARVE                                              CIVIL ACTION

VERSUS                                                        NO: 12-3002

LIVE OAK VILLAGE OF SLIDELL, ET                               SECTION: "A" (4)
AL.

## ORDER DISMISSING CASE

Before the Court is a **Motion to Dismiss Pursuant to Rule 4(m) and 12(b)(5) (Rec. Doc. 10)** filed by defendant Live Oak Village of Slidell, LLC. Plaintiff Nikitha G. Farve opposes the motion. The motion, scheduled for submission on June 5, 2013, is before the Court on the briefs without oral argument.

Plaintiff Nikitha G. Farve filed this lawsuit *pro se* and *in forma pauperis* against defendants Live Oak Village of Slidell, LLC ("Live Oak") and Larry Rounds. The lawsuit is grounded on Plaintiff's contention that she was wrongfully terminated from her employment with Live Oak where she had worked for more than a decade.

Diversity of citizenship is lacking in this case because both Plaintiff and Live Oak are citizens of Louisiana. Therefore, 28 U.S.C. § 1332 (erroneously pleaded as 42 U.S.C. § 1332) does not provide a basis for original jurisdiction in a federal court. Plaintiff also invokes 28 U.S.C. § 1331 (erroneously pleaded as 42 U.S.C. § 1331), federal question jurisdiction. The federal claim upon which Plaintiff relies is 42 U.S.C. § 1983.

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915. Pursuant to § 1915(e), the court shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C.A. § 1915(e)(2)((B)(i)-(ii) (West 2006). An in forma pauperis complaint is properly dismissed

as frivolous if the claim lacks an arguable basis in either fact or law. *See Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (*quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 28 (1992)). Moreover, if a complaint is based on an indisputably meritless legal theory then it lacks an arguable basis in law and may be dismissed as frivolous. *Wells v. Transocean Term. Oper.*, No. 11-19, 2011 WL 2883003, at *2 (M.D. La. June 22, 2011). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Id.* (*citing Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986)).

After careful consideration of Plaintiff's complaint the Court is persuaded that the federal claim upon which original jurisdiction in this Court is grounded is legally frivolous because it is based on a meritless legal theory. Again, the federal claim asserted in this lawsuit is 42 U.S.C. § 1983. Section 1983 does not create any substantive rights but rather provides a remedy for the violation of a federally secured right. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989). Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983. *Id.*

Plaintiff fails to identify any federal right implicated by her termination. Under the most liberal reading possible of Plaintiff's *pro se* complaint she fails to allege facts that even remotely suggest that Defendants violated any right secured by federal law. Plaintiff appears to have been an at-will employee with no right to continued employment with Live Oak. But recognizing that Plaintiff did use the term "tenure" in her complaint, (Rec. Doc. 1 at ¶ 1), the Court will assume for the sake of argument that she was not an at-will employee, and instead had some type of employment contract, the existence of which she simply forgot to allege. Nonetheless, Plaintiff cannot state a claim under § 1983 because only public employers risk running afoul of due process when they terminate a non-at-will employee who has a

property interest in continued employment. Live Oak is a private employer, not a public employer. The *sine qua non* of a § 1983 claim is that the conduct complained of must have been committed by a person acting under color of state law. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Nothing alleged in Plaintiff's complaint even remotely suggests that state action was involved in the conduct upon which her claims are based.

For the foregoing reasons, the Court concludes that Plaintiff fails to allege a non-frivolous federal claim. Live Oak's motion to dismiss for failure to serve is moot.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that in accordance with 28 U.S.C. § 1915(e) the claim brought pursuant to 42 U.S.C. § 1983 is **DISMISSED** with prejudice as legally frivolous or alternatively for failure to state a claim under federal law;

**IT IS FURTHER ORDERED** that the pendant state law claims are **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(c);[1]

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Rule 4(m) and 12(b)(5) (Rec. Doc. 10)** filed by defendant Live Oak Village of Slidell, LLC is **DENIED** as moot.

June 20, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court likely would lack discretion to exercise supplemental jurisdiction over the state law claims because Plaintiff's federal claim is too attenuated to serve as a "jurisdictional anchor." *See Arena v. Graybar Elec. Co.*, 669 F.3d 214 (5th Cir. 2012).